UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

Case No.: 23-CV-00080

| | |
|---|---|
| CHRISTOPHER COOLEY, | : |
| Plaintiff, | : |
| -vs- | : **PLAINTIFF CHRISTOPHER COOLEY'S COMPLAINT** |
| SUNOCO, LLC, SUNOCO RETAIL LLC, DSHAMAA, LLC DBA APPALACHIAN FOOD MART, and WILLIAMSBURG PROPERTY MANAGEMENT, INC. | : |
| | : |
| Defendants. | : |
| | : |

### INTRODUCTION

1. Plaintiff Christopher Cooley brings this action pursuant to 42 U.S.C. § 12182, because JOHN DOE 1, believed to be an employee of DSHAMAA, LLC, doing business as "APPALACHIAN FOOD MART" (hereafter "Station"), SUNOCO RETAIL LLC., SUNOCO, LLC, and WILLIAMSBURG PROPERTY MANAGEMENT, INC. denied Mr. Cooley reasonable accommodation in violation of the Americans with Disabilities Act ("ADA") (or are vicariously liable for that action) when Mr. Cooley attempted to enter Station, but was denied access by Doe 1 due to his use of a service animal. Mr. Cooley was subjected to negative treatment by Doe 1 when Doe 1 physically prevented

Mr. Cooley from entering the premises by holding the door to the Station closed and yelling at Mr. Cooley that he could not enter because of his service animal.

2. Christopher Cooley is an individual with disabilities who uses a service animal for assistance with his major life activities. Mr. Cooley attempted to enter the Station located at 15130 Eastwood Rd., Williamsburg, OH 45176, to purchase food and drinks. Mr. Cooley was met at the door by Doe 1 who held the door shut and began shouting, "Dog not allowed," making repeated dismissing gestures towards Mr. Cooley, and not allowing Mr. Cooley into the Station.

3. Mr. Cooley, despite having no obligation under the ADA to do so, explained that the animal is a service animal, but he was still told he could not be in the place of public accommodation with the animal.

## Parties

4. Plaintiff Christopher Cooley is a citizen and resident of Ohio.

5. Mr. Cooley has vision and hearing impairments qualifying as disabilities under the ADA. *See* 42 U.S.C. § 12102(2)(A).

6. Because Mr. Cooley has severe hearing and vision impairments, he heavily relies on the assistance of his service animal, Larkin. Larkin is a "service animal" as defined in 28 C.F.R. § 36.104. Larkin is professionally trained to serve as a "service animal."

7. Defendant Sunoco LLC is a Delaware LLC, registered as a foreign limited liability company with the Ohio Secretary of State.

8. Upon information and belief, Sunoco LLC has input authority and control over the operation of the Station.

9. Defendant Sunoco Retail, LLC is a Pennsylvania LLC, registered as a foreign limited liability company with the Ohio Secretary of State.

10. Upon information and belief, Sunoco Retail, LLC has input authority and control over the operation of the Station.

11. Defendant DSHAMAA, LLC ("DSHAMAA, LLC") is an Ohio LLC, doing business as Appalachian Food Mart in Ohio.

12. Upon information and belief, Defendant DSHAMAA, LLC operates the Station located at 15130 Eastwood Rd., Williamsburg, OH 45176, doing business as "Appalachian Food Mart."

13. Defendant Williamsburg Management Properties, Inc. ("Williamsburg Management") is a corporation organized under the laws of Illinois.

14. Upon information and belief, Defendant Williamsburg Management owns the property and building(s) for the Station.

15. Upon information and belief, Doe 1 is an unidentified employee of DSHAMAA, LLC working at the Station.

16. Doe 1 denied Mr. Cooley equal access to the Station, a place of public accommodation on the day in question, January 5, 2022. Plaintiff intends to amend this Complaint and identify Doe 1 once their identity can be ascertained through discovery.

17. Plaintiff believes that there are other unidentified parties relevant to this case who are liable under some, or all the claims pled herein, including, but not limited, to suppliers, other owners, other employees, and other entities related to the Station's operations. Plaintiff intends on amending this Complaint once the existence and identity of these additional defendants has been established.

**Jurisdiction and Venue**

18. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a case or controversy arising under federal law.

19. This Court has supplemental jurisdiction over the state law claims because this Court has original jurisdiction over the related claims alleged in Count I. *See* 28 U.S.C. § 1367.

20. Venue is proper in this court because the incidents giving rise to this controversy occurred in this judicial district.

**Factual Background**

21. On January 5, 2022 Mr. Cooley, who is unable to drive, accompanied by a family member was traveling to Cincinnati, Ohio, as he regularly does, to visit retailers in Cincinnati.

22. To travel from his home in Portsmouth, Ohio to Cincinnati, the most direct route, according to Mr. Cooley's experience and navigation systems is to travel westbound on Ohio State Route 32.

23. Mr. Cooley and his family member were driving westbound on Ohio State Route 32, on January 5.

24. Shortly past the half-way point of the approximately-two-hour drive, Mr. Cooley stopped to purchase refreshments.

25. Mr. Cooley stopped at the Station, located adjacent to State Route 32 on January 5, 2022, at approximately 10:20 a.m.

26. Mr. Cooley exited the vehicle with Larkin and walked toward the Station to attempt a purchase of refreshments.

27. Upon reaching the entrance to the Station, before he could reach for the door, Mr. Cooley was met by Doe 1, who was inside the closed door, holding it shut, and saying: "Dog not allowed."

28. Mr. Cooley, a vision and hearing-impaired individual, did not hear what was said, attempted to open the, and responded "huh?"

29. Doe 1 held the door shut to stop Mr. Cooley from opening the door to gain entrance, while repeating multiple times, with an escalating volume "Dog not allowed!"

30. Mr. Cooley, despite having no obligation under the law to do so, persisted in his right to access and responded: "It's a service dog."

31. Doe 1 responded by shouting "I said no!" and making a shooing/dismissing gesture at Mr. Cooley to leave the Station.

32. Again, Mr. Cooley repeated, "It's a service dog."

33. Doe 1 persisted with the gestures, and Mr. Cooley left the Station, without having been able to use the place of public accommodation.

34. Mr. Cooley immediately left the Station.

35. The altercation and Doe 1's actions, as well as the ultimate denial of access to the Station caused Mr. Cooley to suffer panic attacks and other anxiety causing bodily injury, including, but not limited to, shortness of breath, dizziness, and heart palpitations.

36. This type of behavior is prohibited by the ADA and state law.

**COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT AS TO ALL DEFENDANTS**

37. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.

38. The ADA, 42 U.S.C. § 12182, prohibits discrimination by public accommodations based upon one's disability.

39. Upon attempting to enter the Station, which is open to the public, and being told by Doe 1 that he could not enter the premises with the animal, Mr. Cooley explained that the animal was a service animal.

40. Upon information and belief, Doe 1 was an employee acting as an agent or employee of Sunoco LLC, Sunoco Retail LLC, DSHAMAA, LLC, and/or Williamsburg Property Management, Inc.

41. ADA Title III requires places of public accommodation to engage in reasonable accommodations for disabled individuals. 28 C.F.R. § 36.104.

42. Mr. Cooley was denied a reasonable accommodation.

43. Mr. Cooley was discriminated against on the basis of disability.

44. Mr. Cooley lives near Williamsburg, Ohio, regularly travels to the area, and intends to visit the Station again.

45. Defendants' acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title III of the ADA and the regulations promulgated thereunder and have resulted in injury to Mr. Cooley.

46. By engaging in the conduct described above, Defendants are liable for discriminating against Mr. Cooley.

47. Because of the conduct of the Defendants, Mr. Cooley has been damaged, including suffering bodily injury, and is entitled to injunctive relief from Defendants.

48. Due to the unlawful discriminatory conduct of Defendants, Mr. Cooley is also entitled to reasonable attorneys' fees.

49. Defendants Sunoco Retail LLC and Sunoco LLC, upon information and belief, exercise sufficient control over the operations of the Station, including maintaining a right to audit compliance with Sunoco-brand requirements of Sunoco-branded stations, so as to be vicariously liable for these violations of law.

50. Defendant Williamsburg Property Management, LLC, as owner of the place of public accommodation, is liable for these violations as well.

**COUNT II: DISABILITY DISCRIMINATION UNDER OHIO LAW AS TO ALL DEFENDANTS**

51. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.

52. Plaintiff Christopher Cooley is a qualified individual with disabilities as defined under O.R.C. § 4112.01(A)(13) *et seq*.

53. Defendants intentionally, willfully, and wantonly discriminated against Mr. Cooley by denying him the full enjoyment of a place of public accommodation, as defined by O.R.C. § 4112.01(A)(9), due to his disabilities, in violation of O.R.C. § 4112.02(G).

54. As a direct and proximate result of Defendants' discriminatory conduct, Mr. Cooley has been damaged, and he is entitled to compensation from Defendants for all damages (actual and/or punitive) caused by Defendants' unlawful discriminatory conduct, pursuant to O.R.C. § 4112.02.

55. In addition, because Defendants intentionally discriminated against Mr. Cooley, he is entitled to reasonable attorneys' fees.

56. Defendants Williamsburg Property Management, Inc., as owner of the place of public accommodation, and Sunoco LLC and Sunoco Retail, LLC, as entities that exercise

control and authority over the Station and its operation are vicariously liable for these violations.

### COUNT III: NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION – SUNOCO LLC, SUNOCO RETAIL, LLC, AND DSHAMAA, LLC DEFENDANTS

57. Each of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

58. Doe 1 acted within the scope of his employment during the acts giving rise to this matter.

59. Defendants negligently and/or recklessly supervised and trained their agents/employees in their activities of providing reasonable accommodations to disabled customers.

60. Defendants negligently and/or recklessly permitted, and/or failed to prevent, the unreasonable activity by their agent, Doe 1.

61. As a result of this tortious activity, Mr. Cooley has been, and continues to be, damaged in an amount to be determined at trial.

62. Mr. Cooley is also entitled to punitive damages in an amount to be determined at trial.

### Jury Demand

Plaintiff demands a jury trial of all issues so triable.

**Prayer for Relief**

WHEREFORE, the Plaintiff demands that this Honorable Court order relief as follows:

a. Adjudge and Declare that Defendants' acts and omissions denied Plaintiff full use and enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act and regulations thereunder as alleged in the Complaint;

b. Adjudge and Declare that Defendants' acts and omissions complained of herein denied Plaintiff full use and enjoyment of a place of public accommodation in violation of Ohio Law, ORC § 4112 et seq., and regulations thereunder as alleged in the Complaint;

c. Issue a permanent injunction to require Defendants to comply with the Americans with Disabilities Act of 1990 and Ohio Law, ORC § 4112 et seq., with respect to providing individuals with disabilities full and equal access to its places of business/public accommodations;

d. Enter a judgment finding Defendants have violated federal and Ohio law as set forth above;

e. Award Plaintiff an amount to be determined at trial for bodily injury, humiliation, embarrassment, loss of self-esteem, emotional distress, and pain and suffering;

f. Award Plaintiff compensatory, statutory, and punitive damages;

g. Award Plaintiff his attorneys' fees, litigation expenses, and costs;

h. Award any pre or post-judgment interest permitted by the law; and

i. Grant such further relief as this Court deems equitable and just.

Dated: February 13, 2023     Respectfully submitted,

/s/ Alexander J Darr
Alexander J. Darr (0087102) – Alex@Darr.Law
Darr Law LLC
1391 W 5TH AVE, STE 313
COLUMBUS, OHIO 43212
614-465-3277

*Trial Attorneys for Plaintiff,*
Christopher Cooley