UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COOLEY, | Case No. 1:23-cv-080 |
| Plaintiff, | Hopkins, J. |
| | Litkovitz, M.J. |
| vs. | |
| SUNOCO, LLC, SUNOCO RETAIL LLC, DSHAMAA, LLC DBA APPALACHIAN FOOD MART, and WILLIAMSBURG PROPERTY MANAGEMENT, INC., | |
| Defendants. | REPORT AND RECOMMENDATION |

This matter is before the Court on the joint and unopposed motion to drop and dismiss all claims against the Sunoco Defendants with prejudice. (Doc. 36).

This matter commenced on February 13, 2023 with claims filed against four entities. (Doc. 1). Sunoco Retail, LLC and Sunoco, LLC (the "Sunoco Defendants") have answered the complaint. (Docs. 21 & 23). DSHAMAA, LLC filed an answer (Doc. 17), but has otherwise not engaged in the litigation, failed to respond to the Court's Order to Show Cause (Doc. 28), and is currently in default (Doc. 34). Williamsburg Property Management, Inc. has not answered the complaint, failed to respond to the Court's Order to Show Cause (Doc. 28), and is in default (Doc. 34).

As of October 7, 2024, Plaintiff and the Sunoco Defendants have settled all claims made by Plaintiff, and Plaintiff has agreed to dismiss all claims against the Sunoco Defendants. No liability on the part of Sunoco Defendants has been established or admitted. Plaintiff wishes to continue pursuing its claims against DSHAMAA and Williamsburg Property Management, Inc. and dismiss the Sunoco Defendants.

For the reasons below, the motion should be granted. As this Court has explained:

> The correct procedural vehicle for removing less than all parties or claims from an action is Federal Rule of Civil Procedure 21. That rule states, in full: "Misjoinder of parties is not ground for dismissing an action. On Motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. When evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants. *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212, at *2, 2017 U.S. Dist. LEXIS 12305, at *2 (E.D. Tenn. Jan. 30, 2017). The purpose of this prejudice analysis is "to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." *Id*. (quoting *Crozin v. Crown Appraisal Grp., Inc*., Nos. 2:10-cv-581, 2:10-cv-764, 2012 WL 139219, at *2, 2012 U.S. Dist. LEXIS 5626, at *2 (S.D. Ohio Jan. 18, 2012) (discussing the prejudice analysis under Rule 41)).

*Murray Energy Corp. v. Cassidy, Cogan, Chappel, & Voegelin, L.C*., No. 2:18-cv-440, 2020 WL 4201666, at *1 (S.D. Ohio July 22, 2020).

The motion indicates that Plaintiff has settled his claims with the Sunoco Defendants. Thus, there is no discernable prejudice caused by dismissal of the Sunoco Defendants. Default has been entered against DSHAMAA, LLC and Williamsburg Property Management, Inc. (Docs. 33, 34). Plaintiff states that upon dismissal of the Sunoco Defendants he will proceed directly against DSHAMAA, LLC and Williamsburg Property Management, Inc. in the form of a motion for default judgment. Under these circumstances, the Court finds no potential prejudice to these Defendants.

Accordingly, for good cause shown, the joint and unopposed motion to drop and dismiss all claims against the Sunoco Defendants with prejudice (Doc. 36) should be **GRANTED.**

**IT IS SO RECOMMENDED.**

11/14/2024
Date

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER COOLEY,

    Plaintiff,

vs.

SUNOCO, LLC, SUNOCO RETAIL LLC, DSHAMAA, LLC DBA APPALACHIAN FOOD MART, and WILLIAMSBURG PROPERTY MANAGEMENT, INC.,
    Defendants.

Case No. 1:23-cv-080

Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).